[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT RAMSON DANIELS MOTION TO STRIKE THE THIRD PARTY COMPLAINT
The plaintiff brought an action against the third party plaintiff, Margaritaville of Mystic, Inc. and others claiming Dram Shop liability under the Connecticut General Statute Section 30-102, and in another count for wilfull, wanton, or reckless conduct in selling alcohol to one Ransom Daniels while he was intoxicated and a patron of the defendant, Margaritaville.
Margaritaville, a third party plaintiff, has now brought an action against Ransom Daniels, the third party CT Page 4778 defendant, claiming the plaintiff's death was caused by Daniels, who operated his boat while intoxicated and crashed it into a rock, thereby causing the death of the plaintiff.
Margaritaville acknowledges in its brief that it has [EDITORS' NOTE: IN THE ORIGINAL TEXT THERE WERE APPROXIMATELY NINETEEN WORDS THAT DO NOT APPEAR HEAR BECAUSE THEY IS ELECTRONICALLY NON-TRANSFERRABLE.] FROM THE ORIGINAL TEXT.] sound in negligence. Accordingly, the motion to strike is granted with respect to the Dram Shop count.
Margaritaville claims next that the motion to strike should be denied as to the claim of negligence, or in wilfull, wanton, or reckless conduct. It claims that under Tort Reform II, Sec. 52-572h of the Connecticut General Statutes, the jury must find the respective percentage of responsibility for the plaintiff's injuries and damages of all persons in any way liable to the plaintiff.
With respect to the negligence claim, the jury may not consider the liability of a person not a party to the action under Connecticut General Statutes 52-572h(c). A person may be made a party to the action under Connecticut General Statutes 52-102 if such person is necessary for the complete determination of any question involved in the controversy. However, no person who is immune from liability may be made a party to the action. Here the proposed third party defendant, Daniels, is immune from liability by reason of a settlement with the plaintiff.
Connecticut General Statutes 52-572h does not apply to claims of wilfull, wanton, or reckless conduct. It covers only actions brought in negligence. Other than under Connecticut General Statutes 52-572h there is no basis for contribution among joint tortfeasors.
The claim of the third party plaintiff, therefore, is barred.
Accordingly, the motion to strike the third party complaint is granted.
Hurley, J.